**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WARREN AMOS; FRANCIS AMOS;
CLYDE M. BERRY; PATRICIA CADLE;
HARLESS CADLE; CONNIE DEBAUGH;
MARYANN DEVITA; GARY ELLIS;
HERBERT GOODMAN, JR.; MARLENE
HARRIS; STEPHEN JONES; MARTHA JONES;
MARIE KETCHUM; DONALD MEINCKE;
BONNIE MEINCKE; WENDY PARENT; LENN
PANICAUEETIL; SY LONDON; JOYCE
LONDON; STEVE SELDON; GEORGE
THACKER; ELMER TOLER; JERRY
WARSING; JED THOMAS; JANICE THOMAS;

DEBORAH SELDON; MICHAEL MURPHY;
LARRY NEWCOMB; SUZIE NEWCOMB;
JERRY NGHIEM; MARY NGHIEM; JAMES
ROSE; THOMAS D. SCHETTINO, SR.,
Plaintiffs-Appellants,

v.

J. L. MCHALE, Chairperson; ARTHUR S.
WARREN, Vice Chairperson; HARRY G.
DANIEL; FREDDIE W. NICHOLAS, SR.;
EDWARD B. BARBER; LANE B. RAMSEY;
WILLIAM DUPLER; ROBERT S. HODDER,
Defendants-Appellees.

No. 96-2216

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-887-3)

Submitted: March 17, 1998

Decided: April 3, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly D. Crawford, Sa'ad El-Amin, EL-AMIN & CRAWFORD,
Richmond, Virginia, for Appellants. Steven L. Micas, County Attor-
ney, Jeffrey L. Mincks, Deputy County Attorney, Lisa C. Dewey,
Assistant County Attorney, COUNTY ATTORNEY'S OFFICE,
Chesterfield, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants brought suit against Appellees for allegedly improperly
allowing the Appellants' homes to be built on shrink-swell soil. On
appeal, Appellants assert error in the district court's dismissal of the
following claims: (1) Appellees' policy of approving zoning and
building permits and Appellees' building inspections of Appellants'
homes in violation of applicable building codes constituted a "taking"
of Appellants' property without just compensation["Count One"]; (2)
Appellees' failure to enforce building codes violated Appellants' sub-
stantive due process rights ["Count Two"]; and (3) Appellees' abuse
of power by approving the zoning applications and by failing to
enforce building codes violated Appellants' substantive due process
rights ["Count Three"]. The district court determined that Count One

2

was not ripe and Counts Two and Three failed to state a claim. Finding no error, we affirm.

First, Appellants assert that the district court erred in finding that their inverse condemnation claim was not ripe for judicial review. A plaintiff may not bring a federal constitutional taking action "if a State provides an adequate procedure for seeking just compensation . . . until [he has] used the procedure and been denied just compensation." Williamson Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985). Virginia law sets forth an adequate procedure for seeking just compensation. See Va. Code Ann. § 8.01-187 (Michie 1992). Appellants do not challenge the finding that they have not filed a state declaratory judgment action to determine if they are entitled to just compensation. Thus, despite Appellants' contention that a county program establishes that the county does not intend to compensate them, we conclude that the district court properly determined that Appellants' inverse condemnation claim was not ripe for decision. See Williamson, 473 U.S. at 195.

Next, Appellants allege that Appellees' failure to enforce building codes violated their substantive due process rights. Specifically, Appellants claim that Appellees' failure to enforce building codes is evidenced by Appellees' granting of zoning applications and approving building plans in violation of building codes. In order to establish that a defendant violated a plaintiff's substantive due process rights, a plaintiff must show the following: (1) Plaintiff has property or a cognizable property interest; (2) defendants deprived him of his property or property interest; and (3) defendants' actions fall so far outside the limits of legitimate governmental action that no process could cure the deficiency. See Sylvia Dev. Corp. v. Calvert County, Maryland, 48 F.3d 810, 827 (4th Cir. 1995). The property interest must rise to the level of a "legitimate claim of entitlement." Biser v. Town of Bel Air, 991 F.2d 100, 104 (4th Cir. 1993) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). To establish a legitimate claim of entitlement, the property owner must aver that the deciding authority did not have discretion in the decision. See Sylvia, 48 F.3d at 826; Biser, 991 F.2d at 104.

We find that the district court did not err in dismissing Counts Two and Three for failure to state a claim. In these counts, Appellants fail

3

to allege that the Appellees had no discretion to grant the zoning applications and approve the building plans. Because Appellants did not aver a property interest rising to a legitimate claim of entitlement, we find that the district court did not err in dismissing Counts Two and Three for failure to state a claim.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4